1
2
3
4
5
6
7

**SAMANTHA B. JAFFE**
California State Bar No. 324731
**Federal Defenders of San Diego, Inc.**
225 Broadway, Suite 900
San Diego, California 92101-5030
Telephone: (619) 234-8467
Facsimile: (619) 687-2666
Samantha_Jaffe@fd.org

Attorneys for Defendant
Saya Souvannaseng

8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16

| United States of America, | Case No.:   22-CR-330-LL |
|---|---|
| Plaintiff, | Hon. Linda Lopez |
| v. | **Memorandum of Points & Authorities in Support of Motions to:** |
| Saya Souvannaseng, | **(1) Compel Discovery;** |
| Defendant. | **(2) Preserve Evidence, and** |
| | **(3) Leave to File Further Motions** |

17
18

**I.     Statement of Facts/Procedural History[1]**

19
20
21
22
23
24
25
26

On January 12, 2022, Mr. Souvannaseng was arrested by local police in San Diego, California. He was released on bond. According to the discovery produced on March 23, 2022, on January 20, 2022, Officer Chris Tews with the San Diego Police Department ("SDPD") obtained a search warrant for 6030 Fennell Avenue. On January 27, 2022, SDPD searched 6030 Fennell Avenue, pursuant to the search warrant. Mr. Souvannaseng was not present, though three other individuals were. SDPD believed that Mr. Souvannaseng also resided at the residence.

27
28

[1]This statement of facts is based on the complaint and discovery provided by the government.  Mr. Souvannaseng does not accept this statement as his own, and reserves the right to take a contrary position at motions and trial.

On January 28, 2022, SDPD conducted a traffic stop after SDPD Officer Crosby "saw a vehicle leaving a known illegal gambling den located in the 4000 block of Winona Avenue." During the traffic stop, SDPD Officer Basson identified Mr. Souvannaseng as the passenger of the vehicle "by a prior booking photo." Officer Basson "had prior knowledge that there was probable cause to arrest Souvannaseng for being a convicted felon in possession of ammunition." Officers searched the vehicle, and recovered a black handgun inside the dashboard.

Mr. Souvannaseng was arrested, and charged with being a felon in possession of a firearm in state court. On February 8, 2022, Mr. Souvannaseng was charged federally with being a felon in possession of a firearm, via a complaint. Dkt. # 1. He made his initial appearance in federal court on February 14, 2022. Dkt. # 8. A discovery request was sent to the United States Attorney's Office by Federal Defenders on February 16, 2022. On February 17, 2022, Mr. Souvannaseng was indicted for being a felon in possession of a firearm and ammunition and criminal forfeiture, and on February 24, 2022 he was arraigned on the indictment. Dkts. ## 13, 14.

On March 14, 2022 defense counsel set another discovery request to the United States Attorney's Office. On March 23, 2022, initial discovery was turned over. A motion hearing was held on March 30, 2022, and a continuance was requested so that defense counsel can review the discovery, which was not converted until March 29, 2022. This motion follows.

To date, defense counsel has received **170 pages of discovery**, which encompasses reports and photographs. Defense counsel has also received Mr. Souvanasseng's post-arrest interview and body camera footage. The below requests are based on requests previously made on March 14, 2022, as well as requests based on the discovery turned over on March 23, 2022.

## II.   Motion to Compel Discovery

Mr. Souvannaseng moves for the production by the Government of the following discovery and for the preservation of evidence. This request is not limited

to those items of which the prosecutor knows, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of the government or "closely related investigative [or other] agencies." *United States v. Bryan*, 868 F.2d 1032 (9th Cir. 1989); *see generally Kyles v. Whitley*, 514 U.S. 419 (1995).

## I.   Specific Discovery Requests

Due to the nature and facts of this case, Mr. Souvannaseng makes the following specific discovery requests:

> 1.   <u>Opportunity to View, Inspect, and Photograph all Contraband Seized.</u>

Mr. Souvannaseng requests an opportunity to view and photograph all contraband allegedly confiscated in this case, both during the execution of the search warrant and the car search.   Mr. Souvannaseng moves this Court to order the government to allow him to inspect and photograph any seized contraband pursuant to Fed. R. Crim. P. 16(a)(1)(E).

> 2.   <u>Any Discovery in the Government's Possession Regarding the "Known Illegal Gambling Den" referenced in the Reports</u>

The reports note that the car was stopped for leaving a known illegal gambling den. Any discovery regarding how the officers had that knowledge is relevant to the propriety of that stop.

> 3.   <u>The search warrant and probable cause statement/affidavit underlying the warrant that was executed on January 27, 2022</u>

The reports note that Mr. Souvannaseng was arrested because of contraband discovered pursuant to the search warrant executed on January 27, 2022. Accordingly, he requests that the warrant and PC statement/affidavit be turned over so that the parameters of that warrant and probable cause underlying it are known.

> 4.   <u>License & Registration Information for the Vehicle Mr. Souvannaseng was the Passenger in When He was Arrested</u>

Mr. Souvannaseng was not the driver of the vehicle, nor the registered owner. Information as to who was the registered owner is requested.

5. <u>Any patrol car camera footage from Mr. Souvannaseng's arrest, or information about why there is none.</u>

6. <u>Any gunshot residue test results, DNA, or fingerprint analysis performed on the weapon and related policies and reports.</u>

7. <u>Any toxicology results, urine testing, or physical examination conducted of Mr. Souvannaseng when he was arrested.</u>

Mr. Souvannaseng struggles with drug addiction. In the videos of his post-arrest statements made to SDPD, he appears incapacitated. Accordingly, any toxicology screens, urine tests, or any notes regarding his state of inebriation or incapacitation are relevant to the statements he made to the agents after being arrested.

## B.    General Discovery Requests

**7.    The Defendant's Statements**.    The Government must disclose to Mr. Souvannaseng copies of any and <u>all</u>  written or recorded statements made by him; the substance of any statements (even if not written or recorded) made by him which the Government intends to offer in evidence at trial; any response by the defendant to interrogation; the substance of any oral statements which the Government intends to introduce at trial and any written summaries of the defendant's oral statements contained in the handwritten notes of the Government agent; any response to any *Miranda* warnings which may have been given to the defendant; and any other statements by the defendant. Fed. R. Crim. P. 16(a)(1)(A).  The Advisory Committee Notes and the 1991 amendments to Rule 16 make clear that the Government must reveal <u>all</u> the defendant's statements, whether oral or written, regardless of whether the Government intends to make any use of those statements.

**8.    Arrest Reports, Notes and Dispatch Tapes**.    Mr. Souvannaseng also specifically requests that all arrest reports, notes and dispatch or any other tapes and TECS records that relate to the circumstances surrounding him questioning and /or arrest be turned over.  This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the defendant or any other discoverable material is contained.  This is all discoverable under Fed. R.

Crim. P. 16(a)(1)(A) and *Brady v. Maryland*, 373 U.S. 83 (1963).   *See also Loux v. United States*, 389 F.2d 911 (9th Cir. 1968).   Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant are available under Fed. R. Crim. P. 16(a)(1)(B) and (c) Fed. R. Crim. P. 26.2 and 12(i).   Preservation of rough notes is requested, whether or not the Government deems them discoverable.

**9.**      ***Brady* Material**.   Mr. Souvannaseng requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case.   Impeachment and exculpatory evidence both fall within *Brady's* definition of evidence favorable to the accused. *United States v. Bagley*, 473 U.S. 667 (1985); *United States v. Agurs*, 427 U.S. 97 (1976).

**10.**   **Any Information that may Result in a Lower Sentence under the Guidelines**.   The Government must produce this information under *Brady v. Maryland*, 373 U.S. 83 (1963).

**11.**   **The Defendant's Prior Record**.   Evidence of a prior record is available under Fed. R. Crim. P. 16(a)(1)(D), and Mr. Souvannaseng specifically requests a complete copy of any criminal record alleged to be his.

**12.**   **Any Proposed 404(b) Evidence**.   To the extent that there is any such evidence, the Government must produce for Mr. Souvannaseng any evidence of prior similar acts under Fed. R. Crim. P. 404(b) and "shall provide reasonable notice in advance of trial . . . of the general nature" of any evidence the Government proposes to introduce under Fed. R. Evid. 404(b) at trial.   *See United States v. Vega*, 188 F. 3d 1150, 1154-1155 (9th Cir. 1999). Mr. Souvannaseng respectfully requests that such notice be given three weeks before trial in order to give the defense time to adequately investigate and prepare for trial.

**13.**   **Evidence Seized**.   Evidence seized as a result of any search, either warrantless or with a warrant, is discoverable under Fed. R. Crim. P. 16(a)(1)(E).   **Mr. Souvannaseng specifically requests any itemization of and an opportunity to**

view any evidence seized by law enforcement as a result of his arrest.

**14.**   **Request for Preservation of Evidence**.   Mr. Souvannaseng specifically requests that all dispatch tapes or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case be preserved. This request includes, but is not limited to, the results of any fingerprint analysis, the defendant's personal effects, his vehicle, and any other evidence seized from the defendant or any third party, including Kimberly Vega.   It is requested that the Government be ordered to question all the agencies and individuals involved in the prosecution and investigation of this case to determine if such evidence exists, and if it does exist to inform those parties to preserve any such evidence.

**15.**   **Henthorn Material**.   Mr. Souvannaseng requests that the Assistant United States Attorney ("AUSA") assigned to this case oversee (not personally conduct) a review of all personnel files of each agent involved in the present case, **including each agent involved with Mr. Souvannaseng's arrest,** and produce to him any exculpatory information and impeachment material at least two weeks prior to trial and one week prior to the motion hearing. *See Kyles v. Whitley*, 514 U.S. 437, 438 (1995) (holding that "the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police"); *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991); *see also United States v. Jennings*, 960 F.2d 1488 (9th Cir. 1992) (AUSA may not be ordered to personally conduct examination of records; appropriate government agency may review files and notify AUSA of contents as long as AUSA makes the determination regarding material to be disclosed); *accord United States v. Herring*, 83 F.3d 1120 (9th Cir. 1996). In addition, the defendant requests that if the Government is uncertain whether certain information is to be turned over pursuant to this request, that it produce such information to the Court in advance of the trial and the motion hearing for an in camera inspection.

**16.**   **Tangible Objects**.  Mr. Souvannaseng requests the opportunity to inspect, copy, and test, as necessary, all other documents and tangible objects, including photographs, books, papers, documents, alleged narcotics, fingerprint analyses, vehicles, or copies of portions thereof, which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to the defendant. Fed. R. Crim. P. 16(a)(1)(E).

**17.**   **Expert Witnesses**.  Mr. Souvannaseng requests the name, qualifications, and a written summary of the testimony of any person that the government intends to call as an expert witness during its case in chief. Fed. R. Crim. P. 16(a)(1)(G).  Defendant requests the notice of expert testimony be provided at a minimum of two weeks prior to trial so that the defense can properly prepare to address and respond to this testimony, including obtaining its own expert and/or investigating the opinions, credentials of the Government's expert and a hearing in advance of trial to determine the admissibility of qualifications of any expert.  *See Kumho v. Carmichael Tire Co.,* 526 U.S. 137, 119 S.Ct. 1167, 1176 (1999) (trial judge is "gatekeeper" and must determine, reliability and relevancy of expert testimony and such determinations may require "special briefing or other proceedings").

**18.**   **Impeachment Evidence**.  Mr. Souvannaseng requests any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has made a statement favorable to the defendant. *See* Fed. R. Evid. 608, 609 and 613; *Brady,* 373 U.S. at 83; *United States v. Strifler*, 851 F.2d 1197, 1201-1202 (9th Cir. 1988); *Thomas v. United States*, 343 F.2d 49, 53-54 (9th Cir. 1965). This includes Heather Wright, the alleged complaining witness, Kimberly Vega, the owner of the apartment, and the anonymous "eyewitness" mentioned by Agent Boston, the local agent who initially arrested Mr. Souvannaseng.

**19.**   **Evidence of Criminal Investigation of Any Government Witness**.  Mr. Souvannaseng requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct. *United States*

*v. Chitty*, 760 F.2d 425 (2d Cir. 1985).

**20.   Evidence of Bias or Motive to Lie**.  Mr. Souvannaseng requests any evidence that any prospective government witness is biased or prejudiced against him, or has a motive to falsify or distort his testimony. *Pennsylvania v. Ritchie*, 480 U.S. 39, 57-58 (1987); *United States v. Strifler*, 851 F.2d 1197, 1201-1202 (9th Cir. 1988).

**21.   Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling**.  The defense requests any evidence, including any medical or psychiatric report or evaluation, that tends to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired, and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. *See United States v. Strifler*, 851 F.2d 1197, 1201-1202 (9th Cir. 1988).

**22.   Witness Addresses**.  Mr. Souvannaseng requests the name and last known address of each prospective government witness. *See United States v. Cook*, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense counsel has equal right to talk to witnesses). The defendant also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a government witness, *United States v. Cadet,* 727 F.2d 1453 (9th Cir. 1984). This includes Kimberly Vega, Heather Wright, and the unnamed eyewitness, but is not limited to them.

**23.   Name of Witnesses Favorable to the Defendant**.  Mr. Souvannaseng requests the name of any witness who made an arguably favorable statement concerning the defendant, or who could not identify him or who was unsure of his identity, or participation in the crime charged. This would include Kimberly Vega, but would also include anyone else present at her apartment during Mr. Souvannaseng's arrest.

**24.   Statements Relevant to the Defense**.  Mr. Souvannaseng requests disclosure of any statement relevant to any possible defense or contention that he might assert. *United States v. Bailleaux*, 685 F.2d 1105 (9th Cir.1982).

25. **Jencks Act Material**. Mr. Souvannaseng requests production in advance of trial of all material, including dispatch tapes, which the government must produce pursuant to the Jencks Act, 18 U.S.C. § 3500 and Fed. R. Crim. P. 26.2. Advance production will avoid the possibility of delay at trial to allow the defendant to investigate the Jencks material. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under § 3500(e)(1). *Campbell v. United States*, 373 U.S. 487, 490-92 (1963). In *United States v. Boshell*, 952 F.2d 1101 (9th Cir. 1991) the Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the notes are then subject to the Jencks Act. *See also United States v. Riley*, 189 F.3d 802, 806-808 (9th Cir. 1999). Mr. Souvannaseng requests pre-trial disclosure of such statements to avoid unnecessary recesses and delays for defense counsel to properly use any Jencks statements and prepare for cross examination.

26. **Giglio Information & Agreements between the Government and Witnesses**. Pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), Mr. Souvannaseng requests all statements and/or promises, express or implied, made to any witness, in exchange for their testimony in this case, and all other information which could be used for impeachment.

27. **Agreements between the Government and Witnesses**. Mr. Souvannaseng requests discovery regarding any express or implicit promise, understanding, offer of immunity, of past, present, or future compensation, or any other kind of agreement or understanding, including any implicit understanding relating to criminal or civil income tax, forfeiture or fine liability, between any prospective government witness and the government (federal, state and/or local). This request also includes any discussion with a potential witness about or advice concerning any contemplated prosecution, or any possible plea bargain, even if no bargain was made, or the advice not followed.

28. **Informants and Cooperating Witnesses**. Mr. Souvannaseng requests disclosure of the names and addresses of all informants or cooperating witnesses used

or to be used in this case, and in particular, disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime charged against Mr. Souvannaseng. The Government must disclose the informant's identity and location, as well as disclose the existence of any other percipient witness unknown or unknowable to the defense. *See Roviaro v. United States*, 353 U.S. 52, 61-62 (1957). The Government must disclose any information derived from informants which exculpates or tends to exculpate the defendant.

29. **Bias by Informants or Cooperating Witnesses**. Mr. Souvannaseng requests disclosure of any information indicating bias on the part of any informant or cooperating witness. *Giglio*, 405 U.S. at 150. Such information would include what, if any, inducements, favors, payments or threats were made to the witness to secure cooperation with the authorities.

30. **Personnel Records of Government Officers Involved in the Arrest**. Mr. Souvannaseng requests all citizen complaints and other related internal affairs documents involving any of the immigration officers or other law enforcement officers who were involved in the investigation, arrest and interrogation of Mr. Souvannaseng. *See Pitchess v. Superior Court*, 11 Cal. 3d 531, 539 (1974). Because of the sensitive nature of these documents, defense counsel will be unable to procure them from any other source.

31. **Training of Relevant Law Enforcement Officers**. Mr. Souvannaseng requests copies of all written, videotaped or otherwise recorded policies or training instructions or manuals issued by all law enforcement agencies involved in the case (United States Customs Service, Border Patrol, DHS, etc.) to their employees regarding: (1) the informing of suspects of their Constitutional rights; (2) the questioning of suspects and witnesses.

32. **Residual Request**. Mr. Souvannaseng intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States. He requests

that the Government provide him and his attorney with the above requested material sufficiently in advance of trial to avoid unnecessary delay prior to cross examination.

## III.    Motion for Preservation of Evidence

Mr. Souvannaseng requests an order for the U.S. Government and its agents to preserve the firearm seized in this case.

## IV.    Motion for Leave to File Further Motions

Defense counsel requests leave to supplement the instant motion when more information is provided by the Government, and leave to file further motions and notices of defense based upon information gained in the discovery process.

## V.    Conclusion

For the foregoing reasons, Mr. Souvannaseng respectfully requests that this Court grant these motions.

Respectfully submitted,

Dated:  March 30, 2022          *s/ Samantha B. Jaffe*
                                Federal Defenders of San Diego, Inc.
                                Attorneys for Defendant
                                Saya Souvannaseng
                                Email:  Samantha_Jaffe@fd.org