**SAMANTHA B. JAFFE**
California State Bar No. 324731
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5030
Telephone: (619) 234-8467
Facsimile: (619) 687-2666
Samantha_Jaffe@fd.org
Attorneys for Saya Souvannaseng

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SAYA SOUVANNASENG (2),<br><br>Defendant. | CASE NO.:  20-CR-330-LL<br><br>Hon. Andrew G. Schopler<br><br>**Motion to Revoke Order of Detention and Set Conditions of Release** |
|---|---|

## I. Introduction & Procedural History

Mr. Souvannaseng respectfully requests that this Court revoke its prior order of detention from February 14, 2022, Dkt. # 8, and order him released under 18 U.S.C. § 3142(a)(2) or (c). He has been in custody since January 28, 2022 (see ECF docket) and was charged, via a complaint on that day. Dkt. # 1. He made his initial appearance in federal court on February 14, 2022. Dkt. # 4. He was arraigned on the initial indictment on February 24, 2022, and on a superseding indictment on April 20, 2022. Through no fault of Mr. Souvannaseng's own, his case is more complex than many in this District, and is proceeding slowly. He has now been in custody for nearly four months, with extensive discovery still outstanding.

Specifically, Mr. Souvannaseng requests that this Court set a $50,000 personal appearance bond secured by the signature of his partner, Stacee Carlton, a United States citizen with no criminal history, with a $5,000 cash deposit and location

monitoring. Ms. Carlton has been a Registered Nurse ("RN") since 2012. She and Mr. Souvannaseng have known each other since they were children. They have been dating since 2019. Currently, she works for The Royal Home as the Director of Nursing, and makes approximately $100,000 a year.

It should be noted that one of Mr. Souvannaseng's co-defendants, Thuy Cam Tran, was ordered released on a $50,000 two-signature PAB with a $5,000 deposit and location monitoring by The Honorable Judge Michael S. Berg on May 3, 2022. Dkt. # 38.

### I. This Court can and should set bond for Mr. Souvannaseng under § 3142(g)

The Bail Reform Act requires the pretrial release of any person charged with an offense unless the Court finds that no conditions of release would "reasonably assure" the person's appearance or the safety of the community. 18 U.S.C. § 3142(e). The government bears the burden of proving by a preponderance of the evidence that a defendant poses a flight risk, and "[d]oubts regarding the propriety of release are to be resolved in favor of defendants. *United States v. Townsend*, 897 F.2d 989, 994 (9th Cir. 1990). This presumption in favor of release reflects that "[i]n our society, liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). When deciding whether conditions exist that would reasonably assure the person's appearance and the safety of the community, the Court should consider the factors set forth in 18 U.S.C. § 3142(g).

The 3142(g) factors favor release in this case.

(g) Factors To Be Considered.—The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—

(1) the nature and circumstances of the offense charged, including whether the

offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including—

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

The below discussion of the delineated factors show that release is appropriate under the Bail Reform Act.

1. <u>All of Mr. Souvannaseng's ties are here in San Diego and he is not a flight risk.</u>

Mr. Souvannaseng was born in Laos, but has lived in the United States as a Lawful Permanent Resident for 40 years, and in San Diego for 35 years. He has three adult children who reside in Southern California: two in San Diego, and one in Los

Angeles. His siblings, nieces, and nephews all reside here in San Diego. His partner, Ms. Carlton is here. He has no ties to Laos anymore, both of his parents have passed away. It bears noting that Mr. Souvannaseng was arrested on similar charges by the state on January 12, 2022 (felon in possession of a firearm, possession of ammunition, fraudulent use of ID, and gaming). He was released on bond the same day. Conditions can be set here.

2. <u>Not enough discovery has been produced to indicate what the weight of the allegations are in this case.</u>

To date, Mr. Souvannaseng has not received any discovery as to Counts 2-4 in the superseding indictment. Dkt. # 18. As to Count 1, Mr. Souvannaseng was the passenger in a vehicle. Officers discovered a weapon hidden inside that vehicle's dashboard. As discussed *infra*, that charge does not give rise to a presumption of detention.

3. <u>Mr. Souvannaseng is not a danger to the community, and the allegations are not allegations of a violent crime.</u>

Mr. Souvannaseng's criminal history is mostly theft and drug related. He does have a 2017 conviction for domestic violence and assault: it should be noted that he was paroled in that case 14 months after pleading guilty, and was successfully discharged from parole in 2019. That is his only charge in the last decade. The felon in possession charge does not lead to a presumption of detention, nor a presumption of dangerousness. *United States v. Twine*, 344 F.3d 987, 988 (9th Cir. 2003) ("[F]elon in possession of a firearm[] is not a crime of violence for purposes of the Bail Reform Act." The gambling counts, similarly, do not give rise to a presumption of detention. And while Count 4 (maintaining a drug involved premises, in violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2) does give rise to a presumption of detention, but no discovery as to that Count has been turned over, and so at this point the defense is unaware if there's any evidence that suggests Mr. Souvannaseng is guilty of that offense.

MOTION TO REVOKE DETENTION ORDER

### II. There is new information since this Court issued an order of detention.

First and foremost, Ms. Carlton has now stepped forward to be a surety in this case. Secondly: this court noted in its detention order that Mr. Souvannaseng is a LPR but that an order of removal has been pending since 2000. Dkt. # 8 at 3. This is correct, but Mr. Souvannaseng cannot be removed to Laos. That is because Laos has not signed a repatriation agreement with the United States, and thus the United States cannot deport Lao nationals back to Laos. So there is no risk that Mr. Souvannaseng will be put into ICE custody or removed. Thirdly, the Court relied on information at the initial detention hearing that Mr. Souvannaseng is currently on parole. Dkt. # 8 at 3. He is not.

### III. There is a qualified proposed surety: Mr. Souvannaseng's partner, Stacee Carlton.

Ms. Carlton is a United States citizen. She is forty four years old. She has lived in San Diego for her entire life, other than eight years in Fresno after she completed nursing school. She has known Mr. Souvannaseng since they were both teenagers, and they have been in a relationship for three years. She is a graduate of UCSD with a Bachelors of Arts in Sociology, and San Diego State University with a Bachelors of Science in Nursing. She has been a nurse since 2012.

### IV. Conclusion

Mr. Souvannaseng is neither a flight risk nor a danger to the community, and conditions can be set to assure his presence in Court. All of his ties are here, his partner, children, and extended family. He has a willing and able surety. Accordingly, he respectfully requests that this Court set a $50,000 personal appearance bond secured by one signature, with a $5,000 cash deposit and location monitoring conditions to allay any concerns.

Dated:  May 11, 2022                              Respectfully submitted,

|   |   |
|---|---|
| 1 |   |
| 2 |   |
| 3 | *s/ Samantha B. Jaffe* |
|   | Federal Defenders of San Diego, Inc. |
|   | Attorneys for Saya Souvannaseng |
| 4 | Email: Samantha_Jaffe@fd.org |

MOTION TO REVOKE DETENTION ORDER