RANDY S. GROSSMAN
United States Attorney
A. DALE BLANKENSHIP
MATTHEW BREHM
Assistant United States Attorneys
California Bar No. 235960/239288
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-6705/8983

Attorneys for the Plaintiff
UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SAYA SOUVANNASENG (2),<br><br>Defendant. | Case No.: 22CR0330-LL<br><br>**UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO REVOKE ORDER OF DETENTION AND SET CONDITIONS OF RELEASE** |

The plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Randy S. Grossman, United States Attorney, A. Dale Blankenship and Matthew Brehm, Assistant United States Attorneys, hereby files its Response in Opposition Defendant's Motion to Revoke Order of Detention and Set Conditions of Release. ECF 44.

## STATEMENT OF THE CASE

A.  *Procedural Background*

On February 8, 2022, a complaint was filed, charging Defendant with Felon in Possession of a Firearm, in violation of Title 18, United Sates Code § 922(g)(1). ECF 1. On February 14, 2022, Defendant was arrested, made his initial appearance, and pled not guilty.

ECF 5, 11. A contested detention hearing was also held and, for good reason, the Court ordered the Defendant detained. ECF 5, 8.

On February 17, 2022, Defendant was indicted with Felon in Possession of a Firearm and Ammunition, in violation of Title 18, United Sates Code § 922(g)(1). ECF 13. On April 15, 2022, Defendant and others were indicted in a Superseding Indictment. ECF 18. The Superseding Indictment charges Defendant with Felon in Possession of a Firearm and Ammunition, in violation of Title 18, United Sates Code § 922(g)(1) [Count 1]; Conspiracy, in violation of Title 18, United Sates Code, § 371 [Count 2]; Illegal Gambling Business, in violation of Title 18, United Sates Code, § 1955 [Count 3]; and Maintaining a Drug-Involved Premises, in violation of Title 21, United Sates Code, § 856(a)(1) [Count 4]. ECF 18. Defendant was arraigned on the Indictment and later the Superseding Indictment and both times entered a pleas of not guilty. ECF 14, 24.

On May 10, 2021, Defendant filed the instant motion for reconsideration. The United States now responds.

B.  *Factual Background – Felon in Possession of a Firearm and Ammunition*

On January 28, 2022, San Diego Police Department (SDPD) officers were on duty near 4600 El Cajon Blvd, City of San Diego, within the Southern District of California. The officers observed a vehicle leaving a known illegal gambling den and noted the vehicle had expired registration and a front cracked widow and proceeded to conduct a traffic stop.

Officers contacted the passenger of the vehicle and identified him as Defendant. The officer had prior knowledge that there was probable cause to arrest Defendant for being a convicted felon in possession of ammunition. Defendant was removed from the vehicle and placed under arrest. Defendant was taken to the patrol car and searched, during which a small plastic baggie containing white crystalline substance with a hard, round rock the size of a quarter was found in Defendant's right shoe.

Defendant stated the vehicle was his and provided officers with consent to search the vehicle. The vehicle was also searched due to Defendant being placed under arrest and

having a controlled substance on his person. Inside the vehicle an officer located a Smith and Wesson M&P Shield .40 caliber handgun Serial #JNF2451. The firearm was loaded with six (6) .40 caliber rounds in the magazine. The firearm was found inside the front dashboard of the vehicle within arm's reach of Defendant. A records check was later completed on the firearm by its serial number which revealed the firearm was stolen.

During the search officers also found a medium sized plastic container under the passenger side of the vehicle. The container was secured to the frame of the vehicle by magnets. Inside the plastic container was a medium sized baggie full of a white powdery substance believed to be a controlled substance. SDPD Lab verified the controlled substance was methamphetamine.

Defendant was taken to SDPD Mid-City Division where he agreed to be interviewed. During a post-Mirandized statement Defendant indicated that the gun found in the vehicle was his and he had just bought it on the street for $500. Defendant believed his DNA and prints would be found on the firearm. Defendant noted the magazine was loaded with ammunition, but a round was not chambered. Defendant claimed to be first generation OKB (Oriental Killer Boys).

C.   *Factual Background – Illegal Gambling and Drug Den*

On May 21, 2021, law enforcement officers served a federal search warrant signed by the Honorable Karen S. Crawford, U.S. Magistrate Judge, at 3555 Central Ave. Fourteen electronic gambling machines, $1,996 in US currency, a small purple baggie with white crystalline substance suspected to be methamphetamine, ledgers and a cell phone believed to be used by an employee were seized during the search.

On June 9, 2021, investigators executed federal search warrants issued by the Honorable Daniel E. Butcher and searched 3555 Central Avenue, San Diego. At that time, fourteen individuals were called out of the location. During the search of the gambling den, 10 electronic gambling machines, one (1) cell phone and a total amount of $2,348 in U.S.

currency, were found and seized. Numerous glass methamphetamine pipes were observed inside the gambling den during the execution of the search warrant.

The location of illegal gambling and drug den operations frequently are related to high incidences of crime, including violent crime. Defendant is tied to the illegal gambling and drug den operation at 3555 Central Avenue, among other ways, in that he has been observed present at the location, his name was used on two different ledgers recovered during the execution of the search warrant, which tracked the dens operations, and, on January 28, 2022, during a post-Miranda statement, Defendant admitted he worked for a co-Defendant at 3555 Central Avenue by "watching who was doing what and patting people down," which is consistent with working security at illegal gambling dens .

## III.   RESPONSE IN OPPOSITION TO DEFENDANT'S MOTIONS FOR BOND

Under the Bail Reform Act of 1984, as amended, Congress has determined that any person charged with an offense under the federal criminal laws shall be released pending trial, subject to appropriate conditions, unless a "judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e). Only in rare cases should release be denied, and doubts regarding the propriety of release are to be resolved in favor of the defendant. *United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir.1985).  On a motion for pretrial detention, the government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk. *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir.1991).

Based on the Felon in Possession charge alone, this Court found Defendant was a serious flight risk because (1) the nature and circumstances of the offense; (2) he is subject to a lengthy period of incarceration if convicted; (3) the weight of evidence against the defendant is strong (the least important factor); (4) he has a history or violence and use of weapons; (5) his criminal history; (6) his failure(s) to appear in court as ordered; (7) his violations of probation, parole, or supervised release; (8) his lack of stable employment; (9)

his lack of financially responsible sureties; (9) his dishonest conduct, false statements, or fraud; (10) his use of alias(es) or false documents; (11) his history of substance abuse; and his lack of financial ties. ECF 8 at 3. The Court also noted that the Defendant is an LPR, but Pretrial Services says he has had an order or removal pending since 2000; Defendant has a lengthy criminal and felony history, including weapons and violent offenses; and Defendant is currently on parole. *See* ECF 8 at 3.

Defendant argues his circumstances have changed and the Court should reconsider his detention order. ECF 44 at 5. There is new information available to this Court and it makes the dentition order all the more appropriate. Pursuant to 18 U.S.C. § 3142(e)(3)(A), <u>there is now a rebuttable presumption in favor of detention</u> in this case because Defendant is charged with an offense for which the maximum term of imprisonment is ten years or more under the Controlled Substances Act (21 U.S.C. § 801 et seq.)  Defendant is charged in Count 4 of the Superseding Indictment with Maintaining a Drug-Involved Premises in violation of Title 21, United Sates Code, Section 856(a)(1).  The maximum sentence for violation of Title 21, United Sates Code, Section 856(a)(1) is twenty-years' imprisonment. Further, the Court is now aware that Defendant coordinated with others in his criminal conduct and that conduct went on for some time, and that Defendant was seemingly not deterred from arming himself despite two federal search warrants being executed at the illegal gambling den he worked at.

The additional information provided by Defendant does not overcome the presumption and the numerous other reasons the Court found that Defendant should be detained. The Court's determination that Defendant should be detained pending trial and sentencing should remain undisturbed.

//
//
//
//
//

## CONCLUSION

For the foregoing reasons, the United States asks the Court to deny Defendant's Motion.

DATED: May 13, 2022

Respectfully submitted,

RANDY S. GROSSMAN
United States Attorney

/s/*Matthew Brehm*
MATTHEW BREHM
Assistant United States Attorney

Attorney for Plaintiff
UNITED STATES OF AMERICA